UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN KENNEY,

                Plaintiff,                            CASE NO.: 6:22-cv-1857

v.

FLIPPER'S PIZZA INC. AND

FLIPPERS PIZZERIA #19, LLC,

                Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, BRIAN KENNEY, by and through his undersigned counsel, hereby files this Complaint against the Defendants, FLIPPER'S PIZZA, INC. and FLIPPERS PIZZERIA #19, LLC, and respectfully alleges and states as follows:

## INTRODUCTION

1.    Plaintiff brings this action against Defendant, his former employers, seeking to recover damages under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq*. ("FMLA"); Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et seq.* (the "ADA") and its implementing Regulations;; and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended (the "FCRA"), § 760.01 *et seq*., Florida Statutes.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

3.     This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202. This Court is also vested with jurisdiction and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117.

4.     Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000(e)-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Seminole County, Florida.

5.     Venue also is proper in this District because the Defendants are subject to personal jurisdiction therein by virtue of its substantial, continuous, and

systematic commercial activities in this District and Division. *See* 28 U.S.C. §§ 1391(b)(1); 1391(c)(2); 1391(d). Defendants are subject to personal jurisdiction in this District and Division with respect to the instant civil action, Defendants "reside" in this District and Division for venue purposes. *See* 28 U.S.C. §§ 1391(c)(2); 1391(d).

6.   Plaintiff has hired the undersigned law firm and agreed to pay it a reasonable hourly fee for its services.

7.   Plaintiff requests a jury trial for all issues so triable.

## **PARTIES**

8.   Plaintiff BRIAN KENNEY (hereinafter referred to as "Plaintiff") at all times material herein, resided in Seminole County, Florida.

9.   At all times material herein, Plaintiff met the definitions of "employee" and/or "eligible employee" under all applicable federal and state statutes.

10.   FLIPPER'S PIZZA, INC., (hereinafter referred to as "Flipper's Pizza") is a management or parent company for a chain of Pizza Restaurants.

11.   FLIPPERS PIZZERIA #19, LLC (hereinafter referred to as "Oviedo Restaurant") is the restaurant or location that directly employed the Plaintiff as General Manager.

12.   Oviedo Restaurant is one of numerous pizza restaurants operating under the management of Flipper's Pizza.

13.   At all times material herein, Plaintiff was an employee entitled to protection as defined by the FMLA. Plaintiff was an eligible employee within the meaning of

the FMLA as he had been employed for at least twelve (12) months, had been employed for at least 1,250 hours during the twelve-month period immediately preceding the commencement of his leave, and was employed at a worksite where fifty (50) or more employees were employed by Defendants within seventy-five (75) miles of that worksite. 29 U.S.C. § 2611(2); 29 C.F.R. § 825.110.

14.   At all times material herein, Plaintiff suffered from a serious health condition within the meaning of the FMLA in that he had an impairment and physical condition that involved continuing treatment by a health care provider. 29 U.S.C. § 2611(11).

15.   Moreover, Plaintiff is an individual with a "disability" as that term is defined in Section 3(2) of the ADA, 42 USC § 12102, which provides that the term "disability" means "a physical or mental impairment that substantially limits one or more major life activities of such individual"; "a record of such an impairment"; or "being regarded as having such an impairment." 42 USC § 12102(1)(A)–(C).

16.   At all times material herein, Plaintiff had one or more disabilities within the meaning of the ADA, its implementing Regulations, and the FCRA as he had one or more physical impairments that substantially limited one or more major life activities, had a record of such impairments.

17.     At all times material herein, Plaintiff had a disability within the meaning of the ADA, its implementing Regulations, and the FCRA as he suffered from, and has a record of, the serious medical condition.

18.     Plaintiff's physical limitations were a disability within the meaning of the ADA and its implementing Regulations, in addition to the FCRA, because it is a physical impairment that substantially limits one or more major life activities, including, but not limited to, walking, standing, bending and twisting. 42 U.S.C. § 12102(1)-(2); 42 U.S.C. § 12102(4)(D); 29 C.F.R. § 1630.2(h)(1); 29 C.F.R. § 1630.2(i)(1).

19.     Plaintiff had one or more disabilities and/or had a record of having one or more disabilities when Plaintiff submitted his request for reasonable accommodations to Defendants and when Defendants refused and failed to accommodate Plaintiff's request for reasonable accommodations.

20.     Plaintiff is a "qualified individual" with a disability within the meaning of Section 101(8) of the ADA, 42 USC § 12111(8), and the FCRA in that Plaintiff, at all times material herein, was an individual who, with or without reasonable accommodation, could have and can perform the essential functions of the General Manager after his period of unpaid medical leave.

21.     Plaintiff is a qualified individual with a disability and is protected from unlawful employment practices on the basis of disability, including disability discrimination, failure to provide reasonable accommodations, retaliation, and

other unlawful actions of Defendants as alleged herein, under the ADA, its implementing Regulations, in addition to the FCRA.

### DEFENDANTS WERE EMPLOYERS OF THE PLAINTIFF

22.   Plaintiff was an employee of the Oviedo Restaurant according to his W2 and paystubs.

23.   Defendants were collectively constituted an integrated employer because of (i) common management; (ii) interrelation between operations; (iii) centralized control of labor relations; and (iv) degree of common ownership/financial control.

24.   Defendants are joint employers due to Flipper's Pizza's control and management of over a dozen Flipper's Pizza locations each having 15 – 25 employees. This included rights directly or indirectly, to hire, fire, or modify the employment conditions, the power to determine the workers' pay rates or methods of payment, the preparation of payroll and payment of workers' wages, and the relative investment in equipment and facilities.

25.   Moreover, Defendants are a "person" within the meaning of the ADA, 42 U.S.C. § 12111(7), Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a), and the FCRA, § 760.02(6), Florida Statutes. Defendants are a "person" within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts,

unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

26.   Defendants are an "employer" within the meaning of 42 U.S.C. § 12111(5), 42 U.S.C. § 2000e(b), and § 760.02(7), Florida Statutes. Defendants are an "employer" as defined by 42 U.S.C. § 2000e(b) and within the meaning of 42 U.S.C. § 12111(5) because Defendants are a person engaged in an industry affecting commerce who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. Thus, Defendants are also a "covered entity" within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

## EXHAUSTION OF ADMINISTRATIVE PREREQUISITES

27.   On or around August 30, 2021, Plaintiff timely filed a dual Charge of Discrimination against Defendants with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendants.

28.   On July 11, 2022, the EEOC issued Plaintiff a Notice of Right to Sue on his claims with the EEOC.

29.   Further, more than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring her FCRA claims in the instant civil action against Defendants

and jurisdiction is proper in this Court. *See* §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

30. All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

31. Plaintiff began working for the Defendants as a General Manager of the Oviedo Restaurant in April of 2017.

32. In late December 2020 or early January of 2021, the Plaintiff began experiencing pain in his hip, leg and back.

33. This pain interfered with Plaintiff's ability to walk, lift, stand, bend and twist.

34. The Plaintiff was given a steroid shot and told to stay home for a week and was referred to an orthopedic surgeon for additional treatment.

35. That same day, the Plaintiff promptly notified his manager that he needed a week of leave for pursuant to his doctor's orders and needed to follow up with an orthopedic surgeon.

36. The Plaintiff was denied leave and forced to continue working through significant pain and discomfort.

37. The Plaintiff visited his orthopedic surgeon and was given an assortment of diagnostic tests. The orthopedic surgeon prescribed a series of injections and physical therapy. In lieu of leave which Defendants denied, the Plaintiff was advised that he needed to take a twenty (20) minute break every hour.

38.     The Plaintiff reported these new restrictions to the Defendants whose management told him that they couldn't afford to pay two general managers. The Defendants refused to allow the Plaintiff unpaid leave or accommodations which allowed him to work without pain or harm.

39.     Because working without breaks and accommodations was painful and interfering with his recovery, the Plaintiff was constructively discharged or terminated. The Plaintiff put in his resignation because he was given no other choice.

### COUNT I
### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601 *et seq*. - INTERFERENCE

40.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.     Under the FMLA, an eligible employee may take up to twelve (12) weeks of leave during any twelve-month period for a serious health condition.

42.     The FMLA prohibits an employer from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any right guaranteed under the FMLA.

43.     As more particularly alleged herein above, at all times material herein, Plaintiff was and is an eligible employee, and Defendants were and is an employer, as defined by the FMLA.

44. At all times material herein, Plaintiff was an employee entitled to protection as defined by the FMLA.

45. At all times material herein, Plaintiff was entitled to FMLA leave because he had an FMLA-qualifying reason for such leave.

46. As more particularly alleged herein above, Plaintiff suffered from back, leg and hip pain, a serious health condition that involved continuing treatment by a health care provider. 29 U.S.C. § 2611(11).

47. As more particularly alleged herein above, Plaintiff provided proper notice of her need for intermittent FMLA leave as he notified Defendants of the need to take FMLA leave in a timely manner and in a way that alerted Defendants that his absence would qualify as FMLA leave.

48. However, Defendants interfered with and restrained Plaintiff's exercise of, and Plaintiff's attempt to exercise, her rights under the FMLA by, among other things, refusing to allow him to take unpaid medical leave.

49. Defendants willfully violated the FMLA and cannot demonstrate that its interference with Plaintiff's rights were made in good faith.

50. As a result of the Defendants' unlawful conduct alleged herein, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits and other compensation.

51. Further, Plaintiff is entitled to liquidated damages as Defendants did not act in good faith and had no reasonable grounds for believing that it was not violating the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

52.   Finally, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs of the action. 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff, Brian Kenney, demands judgment against Defendants and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Declare that Defendants violated the FMLA and engaged in unlawful conduct and employment practices prohibited by the FMLA in that it interfered with the exercise of and the attempt to exercise one or more of Plaintiff's rights guaranteed by the FMLA;

B.   Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendants' unlawful conduct and employment practices in violation of the FMLA, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices in violation of the FMLA, including, but not limited to, directing that Defendantsemploy and reinstate Plaintiff to his previous position with retroactive seniority and granting her full backpay with interest, pension and related benefits;

C.   Award Plaintiff liquidated damages as recoverable under the FMLA and as consistent with law;

D.   Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

E.   Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
### VIOLATION OF THE AMERICAN WITH DISABILITIES ACT
### FAILURE TO ACCOMMODATE (ADA/FCRA)

53.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

54.    As alleged above, at all times material herein, Plaintiff was an individual with handicaps (disabilities) within the meaning of the FCRA and ADA in that, *inter alia*, he had physical impairments that substantially limited one or more major life activities and/or had a record of such impairments.

55.    At all times material herein, Plaintiff was a qualified individual with handicaps (disabilities) within the meaning of the FCRA and ADA in that Plaintiff was an individual who, with or without reasonable accommodation, could have performed the essential functions of his position with the Defendants.

56.    Defendants knew of and had notice of Plaintiff's handicaps (disabilities).

57.    Plaintiff submitted a request to Defendants for accommodations.

58.    Plaintiff's reasonable accommodation request was denied.

59.    Plaintiff was forced to quit his employment because she was not afforded a reasonable accommodation.

60.    As a direct, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering,

inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, Plaintiff, BRIAN KENNEY, demands judgment against Defendants and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendants have violated the FCRA and ADA by discriminating against Plaintiff on the basis of his handicap (disability) by failing to provide a reasonable accommodation;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered as a result of the discrimination against her, including, but not limited to, an offer of reinstatement to her previous position with retroactive seniority or awarding his front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendants' discriminatory conduct, pursuant to and within the statutory limitations of the FCRA and ADA;

D.     Award Plaintiff any and all other damages available under the FCRA and ADA including, but not limited to, the damages set forth above and other

economic losses proximately caused and allowable, according to proof;

     E.     Award the Plaintiff punitive damages;

     F.     Award Plaintiff pre- and post-judgment interest;

     G.     Award Plaintiff his attorneys' fees, including litigation expenses, and the

costs of this action; and

     H.     Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 8th day of October 2022.

By: ___/s/ Frank M. Malatesta, Esq._____
FRANK M. MALATESTA, ESQ.
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256-3812
Facsimile No.:  (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel  for Plaintiff*